IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA          :
                                  :
v.                                :   Case No. 1:07CR00002
                                  :
ENEDINA GODINEZ                   :

## PLEA AGREEMENT

My counsel and I have entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

**1.    CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS**

I will enter a plea of guilty to Count Two of the Indictment, charging me with Conspiracy to Transport a Minor in Interstate Commerce for the Purpose of Prostitution. The maximum statutory penalty for Count Two is a fine of $250,000 and/or imprisonment for a term of thirty years, plus a period of supervised release. There is a mandatory minimum sentence on Count Two of imprisonment for a term of 5 years. I will also enter a plea of guilty to Count Seven of the Indictment, charging me with Conspiracy to Commit Sexual Exploitation of a Child. The maximum statutory penalty for Count Seven is a fine of $250,000 and/or imprisonment for a term of thirty years, plus a period of supervised release. There is a mandatory minimum sentence on Count Seven of imprisonment for a term of 15 years. In addition, my assets may be subject to forfeiture. I understand that fees may be imposed to pay for incarceration or supervised release and that there will be a $100 special assessment per felony count of conviction. I further understand that my supervised release may be revoked if I violate its terms and conditions. If my supervised release is revoked, the original term of imprisonment may be increased. I understand that a violation of supervised release increases the possible period of incarceration.

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I acknowledge that I have had all of my rights explained to me and I expressly recognize that I have the following constitutional rights and, that by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

    a.    The right to plead not guilty and persist in that plea.

***Defendant's Initials:*** *[initials]*

    b. The right to a speedy and public jury trial.
    c. The right to assistance of counsel at that trial and in any subsequent appeal.
    d. The right to remain silent at trial.
    e. The right to testify at trial.
    f. The right to confront and cross-examine witnesses.
    g. The right to present evidence and witnesses in my own behalf.
    h. The right to compulsory process of the court.
    i. The right to compel the attendance of witnesses at trial.
    j. The right to be presumed innocent.
    k. The right to a unanimous guilty verdict.
    l. The right to appeal a guilty verdict.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter will be.

I understand that the matter of sentencing is within the sole discretion of the Court subject to the Court's consideration of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G") and the factors set forth at Title 18, United States Code, Section 3553(a). I have discussed sentencing issues with my attorney and realize that there is a substantial likelihood that I will be incarcerated. I understand that I will not be eligible for parole during any term of imprisonment imposed. I understand that a sentencing guideline range will be determined presumptively from a variety of factors involved in the offense and related conduct, including my role in the offense and my prior criminal history.

I agree and stipulate that the matters set forth in all of the counts of the charging document(s) should be included as relevant conduct as defined in the Guidelines.

**2.**      **DISMISSAL OF COUNT(S)**

I agree that all of the matters covered by any dismissed count(s) should be included as relevant conduct as defined in the Guidelines.

If I accept responsibility for my conduct and otherwise comply with my obligations under the plea agreement, the United States will move, at sentencing, that I be dismissed as a defendant in any remaining count(s).

**3.**      **SENTENCING PROVISIONS**

I agree and stipulate that the following Guidelines' section[s] are applicable to my conduct:

    I agree and stipulate that the following Guidelines' section[s] are applicable to my conduct:

| | | |
|---|---|---|
| 2G2.1 | 32 | Base Offense Level |

*Defendant's Initials:* [initials]

        2G2.1(b)(3)            +2        Offense involved distribution

The United States agrees that if I accept responsibility for my conduct and otherwise comply with my obligations under the plea agreement, it will stipulate that the Guidelines' section[s] set forth in this paragraph should apply to my conduct.

I understand that other Guidelines' sections may be applicable to my case and the United States and I will be free to make arguments that these sections should or should not apply; to the extent that the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

If I fulfill my obligations under this plea agreement and accept responsibility for my conduct, the United States agrees to recommend a sentence of incarceration at the low end of the applicable Guidelines' range.

I understand that the Court is not bound by any recommendation or stipulation and may sentence me up to the statutory maximum. I understand that I will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement. I understand that the government will object to any sentence below the Guidelines' range.

**4.**         <u>**ACCEPTANCE OF RESPONSIBILITY**</u>

I agree to accept responsibility for my conduct. If I fulfill my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend that the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that I receive a one-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(b) for acceptance of responsibility.

However, I hereby agree and stipulate that if I do any of the following, I should not receive credit for acceptance of responsibility and the United States will be free to make any recommendations it wishes at sentencing and/or apply any or all of the remedies set forth in the "REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THE PLEA AGREEMENT" section:

    a.    fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;
    b.    attempt to withdraw my guilty plea;
    c.    deny that I committed any crime to which I have pled guilty;
    d.    make or adopt any arguments or objections to the presentence investigation report that are inconsistent with this plea agreement;
    e.    make a false statement;
    f.    obstruct justice;
    g.    fail to comply with any provision of this plea agreement;
    h.    commit any other crime;
    i.    fail to testify truthfully, as to any matter, if called upon to do so (at my sentencing hearing or any other proceeding);
    j.    refuse to answer any question;

***Defendant's Initials:*** _____

    k.    fail to comply with any reasonable request of the United States Attorney's Office;
    l.    fail to cooperate with law enforcement agents;
    m.    fail or refuse to take a polygraph examination; or
    n.    otherwise indicate that I have not accepted responsibility for my conduct.

In addition, I understand and agree that the United States will have a continuing objection to my receiving credit for acceptance of responsibility until I have testified truthfully at my sentencing hearing. I agree that the United States will not be required to make any other notice of its objection on this basis.

**5.**      **MONETARY OBLIGATIONS**

I agree to pay restitution for all matters included as relevant conduct. In addition, I agree to pay any restitution due pursuant to 18 U.S.C. §§ 3663 and/or 3663A. I agree and stipulate that a requirement that I pay restitution for all of the above-stated matters should be imposed upon me as part of any final judgment in this matter.

I further agree to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means I have at my disposal. I agree that failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in my case.

I understand and agree that, pursuant to Title 18, United States Code, Sections 3613 and 3664(m) whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. I understand that if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

I agree that any payments made by me shall be applied fully to the non-joint and several portion of my outstanding restitution balance until the non-joint and several portion of restitution is paid in full.

I understand that persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree that I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior to entering my plea of guilty.

**6.**      **DUTY TO MAKE FINANCIAL DISCLOSURES**

I understand that in this case there is a possibility that substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation in that matter and in order to assist the United States in any necessary collection of those sums, I agree, if

*Defendant's Initials:* ____

requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year my offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date I sign the financial statement, whichever is earlier, I agree not to convey anything of value to any person without the authorization of the United States Attorney's Office. I agree to take and pass a polygraph examination conducted by a qualified law enforcement examiner selected by the United States Attorney's Office, if requested to do so, concerning the accuracy of my financial statement.

7. **NOTICE CONCERNING FINANCIAL OBLIGATIONS**

I understand that:
a. as part of the judgment in this case I will be ordered to pay one or more monetary obligations;
b. payment should be made as ordered by the Court;
c. I must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: Post Office Box 1234, Roanoke, VA 24006-1234; and include my name and court number on the check or money order;
d. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
e. the United States may file liens on defendant's real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
f. my attorney or I must notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, within 10 days of the entry of judgment in this case, if my attorney will continue to represent me regarding the collection of any monetary obligations; if such notification is not received, the United States Attorney's Office will assume that representation will not continue and will send future correspondence directly to me; and
g. I, or my attorney if my attorney will continue to represent me regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

8. **ADMISSIBILITY OF STATEMENTS**

I understand that any statements I make (including this plea agreement and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in any setting, may be used against me in this or any other proceeding. I knowingly waive any right I may have under the

*Defendant's Initials:* ____

Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence.

I understand that my attorney may be present at any debriefing or contact with any agent or attorney of the United States. However, my attorney and I expressly waive the presence of counsel at such meetings. Government agents and attorneys may contact me without the prior approval of my attorney. At any time during such meetings or contacts with government agents and attorneys, I may request the presence of my attorney and the meeting will be suspended until my attorney arrives.

### 9. AGREEMENT TO BE TRUTHFUL AND COOPERATE

I agree to cooperate fully with law enforcement agents and will disclose to them, at any time requested by them, my knowledge of any criminal activity. I agree that I will testify truthfully. I hereby waive any right I may have to refuse to answer any questions. I agree to be debriefed by law enforcement agents concerning any matter. I agree that if the United States has any doubts concerning my truthfulness, I will take and pass a polygraph examination administered by an examiner chosen by the United States Attorney's Office as to any matters alleged in the charging document(s) and/or anything discussed in the debriefings.

I understand that any false statements given to law enforcement agents may result in a prosecution against me for a felony offense. I understand that if I testify falsely I will be prosecuted for perjury, a felony offense.

I agree not to falsely implicate anyone and understand that if I falsely implicate anyone the United States may prosecute me to the full extent of the law and make any sentencing recommendations it wishes.

### 10. WAIVER OF RIGHT TO APPEAL

I understand that I will have a copy of my presentence report in advance of my sentencing hearing and that I will have an opportunity to go over it with my attorney and may file any objection to any part of it that I believe are not correct. I understand that I will have an opportunity at the sentencing hearing to bring witnesses, cross-examine any witnesses that the government chooses to call to testify, and demonstrate to the Court what an appropriate sentence would be under the Guidelines. I agree that I will not appeal the conviction, sentence imposed or forfeiture judgment. I am knowingly and voluntarily waiving any right to appeal and am voluntarily willing to rely on the Court in sentencing me. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal in this case. I understand that the United States expressly reserves all of its rights to appeal. **I agree and understand that if I file any court document (including but not limited to a notice of appeal) seeking to disturb, in any way, the judgment, sentence and/or forfeiture imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.**

### 11. WAIVER OF RIGHT TO COLLATERALLY ATTACK THE JUDGMENT

*Defendant's Initials:* ___

### AND SENTENCE IMPOSED BY THE COURT

I agree not to collaterally attack the judgment, sentence imposed or forfeiture judgment in this case and waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court. **I agree and understand that if I file any court document seeking to disturb, in any way, the judgment, sentence and/or forfeiture imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.**

12. ### WAIVER OF STATUTE OF LIMITATIONS & AGREEMENT TO ALLOW GOVERNMENT TO PROCEED BY INFORMATION

I agree that if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

13. ### INFORMATION ACCESS WAIVER

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

14. ### WAIVER OF WITNESS FEE

I agree to waive all rights, claims or interest in any witness fee that I may be eligible to receive pursuant to Title 28, United States Code, Section 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

15. ### FORFEITURE, OFFICIAL USE OR DESTRUCTION OF ITEMS SEIZED

By signing this plea agreement, I hereby abandon my interest in, and consent to the forfeiture (administrative or otherwise), official use and/or destruction of, all items obtained by law enforcement agents during the course of the investigation.

16. ### SUBSTANTIAL ASSISTANCE

*Defendant's Initials:* _[initials]_

I understand that the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). I understand that even if I fully cooperate with law enforcement, the United States is under no obligation to make a motion for the reduction of my sentence. I understand that if the United States makes a motion for a reduction in my sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, I should be given.

17.  **LIMITATION OF AGREEMENT**

This agreement is limited to the Western Judicial District of Virginia and does not bind other federal judicial districts, nor does it bind any state or local authorities.

18.  **REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THE PLEA AGREEMENT**

I understand that if I fail to comply with any provision of this agreement, at any time, the United States Attorney's office may, at its election, pursue any or all of the following remedies: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; (g) take any other action provided for under this agreement or by statute, regulation or court rule. The remedies set forth above are cumulative and not mutually exclusive. The United States election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement.

19.  **EFFECT OF MY SIGNATURE**

I understand that my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand that the United States has not accepted my offer until it signs the agreement.

20.  **EFFECTIVE REPRESENTATION**

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

21.  **GENERAL UNDERSTANDINGS**

I understand that the Court is not bound by any recommendations or stipulations

*Defendant's Initials:* ___

contained in this agreement and may sentence me up to the maximum provided by law.

I understand that if the sentence is more severe than I expected, I will have no right to withdraw my guilty plea.

I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand that any calculation regarding the Guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by the United States Attorney's Office regarding the effect of the Guidelines on my case.

I understand that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and, in all likelihood, will recommend that I receive a substantial sentence.

I understand that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand that this agreement does not apply to any crimes or charges not addressed in this agreement. I understand that if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that my attorney will be free to argue any mitigating factors on my behalf; to the extent that they are not inconsistent with the terms of this agreement. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

*Defendant's Initials:* _[signed]_


Date: 06/2/08

_____
Enedina Godinez, Defendant

    I have fully explained all rights available to my client with respect to the offenses charged in the pending indictment. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 06/2/08

_____
Dennis Jones
Counsel for Defendant

Date: 6/2/08

_____
Zachary T. Lee
Assistant United States Attorney
Virginia State Bar No. 47087

*Defendant's Initials:* ____